CHURCH OF CHRIST OF BENNINGTON v. FIRST CHRISTIAN CHURCH OF BENNINGTON.

No. 33131. June 29, 1948.

*195 P. 2d 276.*

Utterback & Utterback, of Durant, for plaintiff in error.

Porter Newman, of Durant, for defendant in error.

ARNOLD, J. Action in ejectment and to quiet title commenced in the district court of Bryan county, Oklahoma, by the First Christian Church of Bennington against the Church of Christ of Bennington. Judgment for plaintiff, and defendant appeals.

This case is peculiarly dependent for its decision upon the evidence adduced. There are few legal principles involved in such a controversy beyond the elementary principle that in local affairs the right of a majority to control the affairs of a voluntary association should ordinarily be upheld. Much oral testimony and record evidence was introduced upon the trial of this case and we have carefully read and considered all of this evidence. Upon careful consideration, we have reached the conclusion that the findings of fact made by the trial court in this case, a jury having been waived, are reasonably supported by the evidence. Those findings read:

"That the Christian Church of Bennington, Oklahoma, was organized in 1912, and that in 1913, it incorporated the name of the Church of Christ, which was controlled and operated by Trustees appointed by the Christian Church and in 1915, the Christian Church of Bennington purchased lot 8 in block 4 of the original townsite of Bennington, and the title to said property was by deed conveyed into the Church of Christ, Incorporated, and has been used by the Christian Church since said purchase for religious purposes.

"That during the year 1938 and prior thereto, the congregation of the Christion Church of Bennington, Oklahoma, improved and rebuilt the Church House located on lot 8 in block 4 of Bennington, as above set forth, and the same was dedicated by the members of the Christian Church on October 6th 1938, for their religious use, and have been in perpetual use and possession of said property since the same was purchased in the year 1915.

"That while the title to the property involved in this cause is in the name

of the Church of Christ, Incorporated, it is owned and controlled by the Christian Church of Bennington, and is held in said name in trust for the use and benefit of said church, and it is in fact the owner of said property.

"The court further finds, that the material allegations of the plaintiff's amended petition have been sustained by the oral as well as the documentary evidence offered in this cause and are true."

Upon these findings of fact the trial court adjudged and determined that plaintiff was entitled to the relief sought, quieted plaintiff's title to the property, and enjoined defendant from interfering with plaintiff's peaceable possession thereof.

We think the judgment of the trial court based upon the findings of fact as above set forth is in conformity with the rule announced by the court in relation to its attitude in controversies between religious organizations as announced in the case of Cape et al. v. Moore et al., 122 Okla. 229, 253 P. 506. The first paragraph of the syllabus to that case reads:

"As a general rule the civil courts are very guarded in the extent to which they will assume jurisdiction in the adjudication of church controversies lest they invade the precincts of religious conscience in violation of constitutional guaranties of freedom of worship, yet when property rights are being violated, contrary to plain principles of the civil law, courts will generally intercede to protect such rights."

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and CORN, GIBSON, and LUTTRELL, JJ., concur.